**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DENZEL A. WILLIAMS,                )
                                   )
        Plaintiff,                )
                                   )    C.A. No. 26-532-JLH-LDH
        v.                        )
                                   )
S/CPL JOHNSON, et al,              )
                                   )
        Defendants.               )
                                   )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* Plaintiff Denzel A. Williams, who proceeds in forma pauperis (D.I. 5), filed a motion for a temporary restraining order and preliminary injunction against Defendants S/CPL Johnson, Officer J. Silvers, the City of Wilmington, the Wilmington Police Department, City Towing, Inc., and John Does 1-5 (collectively, "Defendants") to "stop the sale, crushing, transfer, or disposal of [Plaintiff's] vehicle at issue and to prevent the mooting of Plaintiff's replevin claim." (D.I. 8). He also moves for Authorization to File Electronically and Access Case Information. (D.I. 7). For the following reasons, I recommend DENYING Plaintiffs' motion for injunctive relief. I GRANT Plaintiff's Motion for Authorization to File Electronically and Access Case Information (D.I. 7).

## I.    DISCUSSION

I begin with Plaintiffs' motion for injunctive relief. Plaintiff appears to assert various claims arising under 42 U.S.C. § 1983 relating to Defendants' allegedly unlawful towing of Plaintiff's vehicle and Plaintiff's subsequent arrest and detention. (D.I. 2). Plaintiff's complaint sought a temporary restraining order. (D.I. 2 at 2). On May 8, 2026, the Court denied Plaintiff's request after "having considered the complaint and attached exhibits" and concluding that "no

1

plausible violation of Plaintiff's constitutional rights or other federal laws can be reasonably inferred from the facts alleged." (D.I. 4).

On June 22, 2026, Plaintiff filed the instant motion seeking injunctive relief. He explains that he has filed a state replevin action to obtain his vehicle and presently seeks from this Court "temporary emergency relief necessary to preserve the status quo and prevent destruction of the vehicle while the underlying access and process issues are addressed" ostensibly in state court. (D.I. 8 at 2). But his motion does not cure deficiencies this Court previously identified in denying his initial request for emergency injunctive relief—that is, that no plausible violation of Plaintiff's constitutional rights or other federal laws can be reasonably inferred from the facts he alleges. Indeed, preliminary injunctive relief is an extraordinary remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *see also Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020). The movant must clearly show, among other things, that they are likely to succeed on the merits and will suffer "irreparable harm" without the requested injunctive relief. *Bullock*, 463 F. Supp. 3d at 523; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not made such a showing. Accordingly, I recommend denying Plaintiff's request for injunctive relief.

Turning to Plaintiff's Motion for Authorization to File Electronically and Access Case Information (D.I. 7), I grant Plaintiff's request for e-filing privileges for this action ONLY. Plaintiff shall contact the Clerk's Office Help Desk at (302) 573-6170 to obtain the applicable CM/ECF registration form.

## II.    CONCLUSION

For the foregoing reasons, I recommend DENYING Plaintiffs' motion for injunctive relief. I GRANT Plaintiff's Motion for Authorization to File Electronically and Access Case Information (D.I. 7).

Plaintiff may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. See FED. R. CIV. P. 72(a) & (b)(2); see also FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the ee *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Date: July 6, 2026

_____
United States Magistrate Judge

3